[Cite as *State v. Ferrell*, 2021-Ohio-1259.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2020-P-0057 |
| WILLIAM T. FERRELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 00845.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James W. Armstrong*, Leipply & Armstrong, 2101 Front Street, Riverfront Centre, Suite 101, Cuyahoga Falls, OH 44221 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, William T. Ferrell, appeals from the Judgment Entry of the Portage County Court of Common Pleas, resentencing him to a greater prison term for Nonsupport of Dependents following a remand due to sentencing error.  For the following reasons, we reverse the judgment of the lower court and remand for resentencing.

{¶2}   On December 19, 2013, Ferrell was indicted by the Portage County Grand

Jury for six counts of Nonsupport of Dependents, felonies of the fourth degree, in violation of R.C. 2919.21(A)(2) or (B).

{¶3} On August 21, 2014, a plea hearing was held at which Ferrell pled guilty to four counts of Nonsupport of Dependents. A Nolle Prosequi was entered by the State on the remaining two counts of the indictment. The guilty plea was accepted by the trial court and the finding of guilt was memorialized in an August 26, 2014 Judgment Entry. A sentencing hearing was held on January 20, 2015, at which the court sentenced Ferrell to 100 days in jail and four years of community control. The court required that Ferrell become employed and abide by a payment plan to satisfy his child support arrearages.

{¶4} On two occasions in 2015 and 2016, Ferrell was found to have violated probation. Following the second violation, on December 2, 2016, the court ordered Ferrell to successfully complete the program at NEOCAP, a community-based corrections facility, and serve one year of intensive supervision and one year of regular probation.

{¶5} On June 23, 2017, the probation department filed a third Motion to Revoke/Modify Probation on the ground that Ferrell had not reported to probation or advised of an address change as required. Ferrell admitted to the allegations at an August 11, 2017 hearing. Counsel emphasized Ferrell's mental health and housing concerns, noting that he was attempting to find employment. The court ordered Ferrell to serve one year in prison for each of the four counts for which he had been convicted, with the terms to be served consecutively, noting that Ferrell "had been back here too many times." The sentence was memorialized in an August 15, 2017 Entry.

2

{¶6} Ferrell appealed from this judgment arguing, inter alia, that the trial court erred by ordering consecutive prison sentences without making proper statutory findings. This court held that the trial court failed to make specific consecutive sentencing findings as required by R.C. 2929.14(C)(4)(a)-(c), its sentence was contrary to law, and vacated the sentence with instructions to the trial court to resentence Ferrell. *State v. Ferrell*, 11th Dist. Portage No. 2017-P-0069, 2019-Ohio-836, ¶ 39-40.

{¶7} The trial court held a resentencing hearing on April 10, 2019. The court inquired of the prosecutor if the matter would start at "phase one on the motion to revoke," to which the prosecutor responded affirmatively. The court asked defense counsel to speak on sentencing, "with the understanding, and this is very important, that the Defendant was in my court, in my presence now that I've gone through the file fully, he was in my court four times on motions to revoke, another three times on status hearings rather than motions to revoke, and he didn't do anything he was supposed to do." Defense counsel presented certificates of achievement and letters from prison employees to demonstrate Ferrell's positive progress. Ferrell stated that he enrolled in college courses while in prison, participated in a leadership institute and counseling, and mentored other prisoners. He expressed guilt that his son had recently been convicted and ordered to serve a prison term since he had not been there for him as a father.[1] The court emphasized Ferrell's probation violations, noting he failed to take advantage of the opportunity given at NEOCAP and that he "had a total disregard for this court." It continued: "Now, you may have changed now, but at that time, you had absolute total disregard for the law, the Court, and your children by the way, who you

---

1. Although not referenced at the resentencing hearing, a letter was made part of the record from Ferrell's children's mother, who argued that Ferrell had not been present for the children as a father and this had negatively impacted their lives, including the ability to pay for college.

owe $81,000.00 in back child support." The court ordered Ferrell to serve a term of 18 months for each of the four offenses, to be served consecutively. The court made consecutive sentencing findings and concluded the hearing with the following: "this was a motion to revoke where the Defendant was given a multitude of opportunities and just threw it back in the Court's face, and so I guess lesson learned by all defendants." The sentence was memorialized in an April 11, 2019 Judgment Entry.

{¶8} The trial court held a "judicial release" hearing[2] on April 15, 2019, because it was "impressed with what [Ferrell had] accomplished while in jail." The court indicated that if it "released" him, Ferrell would be placed on probation. Ferrell inquired about the length of probation and counsel indicated Ferrell was apprehensive about probation and further did not intend to withdraw his notice of appeal. The court stated: "Well then I'm just not going to hear it then" and the hearing concluded. In a May 6, 2019 Judgment Entry, the court concluded Ferrell was "not interested in being placed on community control" and found Ferrell's sentence "shall remain in effect." On May 9, 2019, the court issued a Judgment Entry Nunc Pro Tunc which altered its previous statement of jail time credit.

{¶9} Ferrell filed an appeal from the nunc pro tunc entry. We dismissed the appeal as untimely filed. *State v. Ferrell*, 11th Dist. Portage No. 2019-P-0064, 2020-Ohio-866, ¶ 6. He subsequently filed a motion for delayed appeal which was granted by this court.

---

2. In the entry issued following the hearing, the trial court referred to it as a "status hearing on judicial release" and it referenced "releasing" Ferrell during the hearing. However, the judicial release statute sets forth that an offender sentenced to an aggregate prison term of more than five years but less than ten, as Ferrell was at the April 10, 2019 resentencing, may move for judicial release after serving five years of the prison term. R.C. 2929.20(C)(4). Thus, Ferrell would not have been eligible for judicial release. This hearing would more properly be construed as one reconsidering the court's sentence.

4

{¶10} On appeal, Ferrell raises the following assignments of error:

{¶11} "[1.] The Trial Court committed prejudicial error by re-sentencing Appellant, who the Trial Court was aware had mental health issues, to a maximum four consecutive prison sentences of eighteen months, for a total of six years, for Criminal Nonsupport of Dependents involving two children with the same Mother.

{¶12} "[2.] Appellant's rights to due process were violated when he received two additional years in prison by the Trial Court for exercising his Constitutional and Appellate Rights."

{¶13} We will first address the second assignment of error, as it is dispositive of the appeal. In his second assignment of error, Ferrell argues that his due process rights were violated when he received two additional years in prison on remand for resentencing. He contends that the court's punishment was vindictive and was not based on legitimate reasons such as his conduct after the original sentencing proceeding.

{¶14} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). The appellate court "may vacate the sentence and remand the matter to the sentencing court for resentencing[,] * * * if it clearly and convincingly finds * * * the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b). The State contends that plain error must apply since Ferrell did not object to the increased sentence. We note that Ferrell's counsel did state "we would object to the consecutive sentences as imposed by the court," although not specifically noting an objection to the increase. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting

5

substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has recognized that "a sentence [that is] vindictively imposed on a defendant" is contrary to law. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 8. Regardless of whether a plain error standard is applied, it is evident that if a greater sentence is imposed vindictively in violation of the law, this would affect a defendant's substantial rights and constitute reversible error.

{¶15} In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.E.2d 656 (1969), the United States Supreme Court held: "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726. This was based on the rationale that due process of law requires vindictiveness not play a part in sentencing and that a defendant must not be unconstitutionally deterred from exercising the right to appeal. *Id.* at 725. Subsequently, the Court clarified that *Pearce* created a presumption of vindictiveness, and "where the presumption applies, the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). A presumption does not apply "'in every case where a convicted defendant receives a higher sentence.'" *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), quoting *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). It has been limited to

6

circumstances in which "there is a 'reasonable likelihood' * * * that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.*

{¶16} The Ohio Supreme Court has indicated that the *Pearce* presumption is narrow in its application and does not apply in circumstances such as where a defendant is given a harsher sentence after he successfully moves to vacate his plea and subsequently goes to trial, since "more information bearing on sentencing will be available to the judge after trial." *Rahab* at ¶ 14; *also State v. Bozek*, 11th Dist. Portage No. 2017-P-0028, 2018-Ohio-4945, ¶ 50-52. Similarly, it found no presumption of vindictiveness where a defendant rejects a sentence offered during plea negotiations and subsequently receives a greater sentence following trial. *Id.* at ¶ 16-18. As the Court explained, such cases are distinguishable from *Pearce,* where the judge was "expected to operate in the context of roughly the same sentencing consideration after the second trial as [he did] after the first." *Id.* at ¶ 14, citing *Smith* at 802.

{¶17} In Ohio, it has generally been held that "a presumption of vindictiveness arises when the same judge imposes a harsher sentence following a successful appeal." *State v. Banks*, 8th Dist. Cuyahoga No. 107048, 2019-Ohio-980, ¶ 29; *State v. Carnahan*, 3d Dist. Defiance No. 4-15-18, 2016-Ohio-3213, ¶ 13; *State v. Edwards*, 6th Dist. Wood No. WD-13-037, 2014-Ohio-2436, ¶ 5-8. The presumption has been applied to resentencing after reversal due to errors made by the trial court in the initial sentence. *State v. Hitchcock*, 5th Dist. Fairfield No. 19-CA-56, 2020-Ohio-6751, ¶ 9, 20-24; *Edwards* at ¶ 6-8.

{¶18} In the present matter, Ferrell was given a greater sentence, two years

7

longer than the original one, following reversal of his sentence in a successful appeal arising from the trial court's failure to make consecutive sentencing findings. The same judge presided over the original sentencing hearing and the resentencing. *See McCullough*, 475 U.S. at 140, 106 S.Ct. 976, 89 L.Ed.2d 104 (the *Pearce* presumption does not apply where "different sentencers assessed the varying sentences" the defendant received). These facts fit the circumstances under which a presumption of vindictiveness has been applied.

{¶19} This matter is distinguishable from other cases where this court has declined to apply the presumption. In *Bozek*, the presumption did not apply for reasons similar to those set forth in *Rahab, supra*. In *State v. Polizzi*, 11th Dist. Lake Nos. 2020-L-016 and 2020-L-017, 2021-Ohio-244, this court declined to apply the *Pearce* presumption and applied the standard of actual vindictiveness where the trial court imposed a shorter overall prison term on remand for failure to make consecutive sentencing findings, holding that a shorter sentence "does not imply a reasonable likelihood of vindictiveness." *Id.* at ¶ 36. We recognize that, in *Polizzi*, this court found that a de novo hearing was proper where the sentence was vacated, at which additional statements and argumentation could be considered and there was no expectation of finality as to the defendant's sentence when he challenged it on appeal. These principles are accurate and the resentencing hearing conducted here was consistent with the law. However, in *Polizzi*, since a shorter prison term was ordered, the same issues of due process raised here relating to vindictiveness did not apply.

{¶20} Having found that the presumption applies, it is necessary to determine whether it has been rebutted. Pursuant to *Pearce*, when a more severe sentence is

8

imposed by a judge "the reasons for his doing so must affirmatively appear," they must be "based upon objective information" and "the factual data upon which the increased sentence is based must be made part of the record." *Pearce*, 395 U.S. at 726, 89 S.Ct. 2072, 23 L.E.2d 656. It has been held that information rebutting vindictiveness can include "new, probative evidence supporting a longer sentence" and relevant events or conduct that shine "new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *McCullough* at 143 (where a judge considered "relevant fact[s] not before the [sentencer]" in the first sentencing proceeding and gave a "careful explanation * * * for the sentence," this satisfied the requirement that there is "'objective information … justifying the increased sentence'"); *Hitchcock*, 2020-Ohio-6751, at ¶ 22 (citation omitted).

{¶21} In the present matter, in support of the sentence imposed, the trial court stated that Ferrell had disregarded the court by repeatedly violating community control and not completing NEOCAP, information that was known to the trial court at the first sentencing hearing and which would not provide a justification for giving a greater sentence on remand. *Hitchcock* at ¶ 29 ("[i]nformation regarding identifiable conduct on defendant's part that was known by the court at the original sentencing proceeding does not rebut the presumption of vindictiveness that arises from the imposition of a harsher sentence following defendant's successful appeal of his sentence").

{¶22} Some new information was available for consideration upon resentencing, including: Ferrell had participated in various programs and educational opportunities while incarcerated, the March 2019 letter from Ferrell's children's mother stating how his actions had impacted his children, and Ferrell's statements that his son was

9

incarcerated and taking responsibility for his actions and how they impacted his son. While it is evident that the information showing Ferrell's progress would not justify an increased sentence, as the State emphasizes, the letter does constitute new information that reflects negatively on Ferrell and was not before the court at the prior sentencing hearing, although the record does not specifically demonstrate the court's consideration of the letter.

{¶23} However, even presuming that the letter, if considered by the court, may justify the increase in the sentence, it has consistently been required that a trial court state on the record reasons for the increase in the sentence in order to combat the presumption of vindictiveness. *Hitchcock* at ¶ 29 ("due process compelled the trial court to affirmatively explain the increase in its sentence in order to overcome the *Pearce* presumption of vindictiveness"); *State v. Collins*, 8th Dist. Cuyahoga Nos. 98575 and 98595, 2013-Ohio-938, ¶ 17 ("because the *Pearce* presumption applies, and the trial court made no affirmative findings on the record to justify the increased sentence, we are constrained to find vindictiveness in the trial court's imposition of the increased sentence"). *See also Wasman*, 468 U.S. at 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (finding *Pearce* inapplicable under the circumstances because, "[i]n sharp contrast to *Pearce* * * *[,] the trial judge here carefully explained his reasons for imposing the greater sentence"). Where the trial court merely restates its reasoning for imposing the original sentence, as occurred here, the presumption is not rebutted. *Edwards*, 2014-Ohio-2436, at ¶ 9, 13 ("because the trial court failed to provide a rationale for enhancing [the defendant's] sentence on remand" and its explanation for the sentence "virtually mirror[ed]" the explanation imposed at the original sentencing, "we find that the

sentence imposed was contrary to law"); *State v. Wagner*, 3d Dist. Union No. 14-06-30, 2006-Ohio-6855, ¶ 15 ("where the trial court has expressly referred without elaboration to the exact same set of findings and factors in both sentencings, we are not convinced that the record in support of the resentence to a higher prison term is sufficient to dispel a 'reasonable likelihood of vindictiveness' in order to overcome the application of" *Pearce*). As the Sixth Circuit has explained, where the *Pearce* presumption applies, due process compels the trial court to "give 'objective reasons' for imposing a higher sentence on Defendant on remand than the one it imposed prior to his appeal," requiring that the court "'articulate[] some reason for imposing a more severe sentence'" that has something to do "'with conduct or an event, other than the appeal, attributable in some way to the defendant.'" *United States v. Jackson*, 181 F.3d 740, 745-746 (6th Cir.1999), citing *United States v. Rapal*, 146 F.3d 661, 664 (9th Cir.1998).

{¶24} Here, the trial court failed to give any acceptable justification for increasing the sentence on the record, either at the sentencing hearing or in its judgment entry. Instead, the only reasoning for the sentence was based on grounds that were entirely known at the prior sentencing hearing: that Ferrell had repeatedly failed to comply with the terms of his probation. The court's statements demonstrated that it took exception to Ferrell's "disregard for the court" but this was not a ground for an increased sentence under the facts and circumstances of this case. It certainly does not rebut the presumption of vindictiveness. The fact that the court did not explicitly state that it increased the sentence because Ferrell prevailed on appeal, as emphasized by the State, is of no import where the presumption applies.

{¶25} We question the argument by the State that the court chose to issue a

11

greater sentence based on the letter given that it decided, due to Ferrell's achievements in prison, to hold a hearing reconsidering his sentence just a few days later. At that hearing, the court praised Ferrell's conduct in prison and appeared willing to "release" him before quickly ending the hearing after Ferrell expressed concerns with being ordered to serve probation and an unwillingness to withdraw his notice of appeal. This does not establish or rebut vindictiveness at the time of the sentencing hearing since it occurred on a later date, and we fully recognize a trial court's discretion to determine the proper sentence to be served by an offender, but this further adds to the lack of clarity behind the reason the court increased Ferrell's sentence. It should be emphasized that this court's ruling is not a determination that the trial court was actually vindictive in sentencing Ferrell. However, we must apply the presumption as required by law. Had the trial court stated on the record a proper rationale for increasing Ferrell's sentence, the court's sentence would be afforded appropriate discretion and the outcome may be different.

{¶26} For the foregoing reasons, we reverse the sentence ordered by the trial court and remand for resentencing. On resentencing, if the court chooses to increase the sentence above that ordered in its initial sentence in 2017, it must make findings on the record to support that increase, consistent with the law discussed herein.

{¶27} As a final point, since we are remanding this matter for resentencing, we find it necessary to dispel an erroneous assumption under which it appears from the record the trial court and counsel were operating at the time of resentencing regarding our instructions on remand in *Ferrell*, 2019-Ohio-836. At resentencing, the trial court indicated that the "appeals court is advising this Court to go back to the sentencing

12

date, the motion to revoke, that's what I have to consider." The court acknowledged Ferrell's accomplishments while incarcerated, but indicated that it could only consider conduct presented at the time it heard the motion to revoke. Additionally, at the April 15, 2019 hearing after resentencing, the trial court stated that it "was obligated to sentence the Defendant according to what had taken place during initial probation back in 2013." Counsel did not interpose an objection or observation that the court could consider Ferrell's accomplishments while in prison.

{¶28} We emphasize that our earlier opinion did not limit the trial court's consideration to Ferrell's conduct or events as of the date of the hearing on the motion to revoke. As discussed above, Ohio appellate cases provide support for the argument that the trial court is permitted to consider conduct or events that occurred or were discovered after the original sentencing at resentencing. *See, e.g., State v. Thrasher*, 178 Ohio App.3d 587, 2008-Ohio-5182, 899 N.E.2d 193, ¶ 17 (2d Dist.); *Hitchcock*, 2020-Ohio-6751, at ¶ 28. In a decision focusing on a federal trial court's ability under the sentencing guidelines post-*Booker* to consider a defendant's post-sentencing rehabilitation at resentencing after a successful appeal, the Supreme Court of the United States also held that a trial court may consider such evidence. *See Pepper v. United States*, 562 U.S. 476, 503-504, 131 S.Ct.1229, 179 L.Ed.2d 196 (2011). As such, on remand, the trial court is permitted to consider conduct and events that occurred after the original sentencing.

{¶29} The second assignment of error is with merit.

{¶30} In his first assignment of error, Ferrell argues that the trial court failed to articulate with specificity the reasons it ordered him to serve a maximum sentence and

13

he sets forth reasons why the sentence was unwarranted. He further argues there was no justification for adding two years to his prior term.

{¶31} To the extent that Ferrell questions the court's rationale for ordering a maximum sentence, this issue is moot given our disposition of the second assignment of error. As to the issue raised regarding the increase in his sentence from the original one, this was fully addressed above.

{¶32} The first assignment of error is moot.

{¶33} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, resentencing Ferrell, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.