[Cite as *State v. Ferrell*, 2022-Ohio-890.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0059 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| WILLIAM T. FERRELL, | Trial Court No. 2013 CR 00845 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: March 21, 2022
Judgment: Reversed and modified

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, *R. Jessica Manungo* and *Carly M. Edelstein*, Assistant State Public Defenders, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, William T. Ferrell, appeals from the Judgment Entry of the Portage County Court of Common Pleas, resentencing him to a term of six years in prison for Nonsupport of Dependents following a remand for the trial court to make findings demonstrating its sentence was not vindictive. For the following reasons, we reverse Ferrell's sentence and modify his term of imprisonment to an aggregate term of four years.

{¶2} On December 19, 2013, Ferrell was indicted by the Portage County Grand

Jury for six counts of Nonsupport of Dependents, felonies of the fourth degree, in violation of R.C. 2919.21(A)(2) or (B). On August 21, 2014, Ferrell pled guilty to four counts of Nonsupport of Dependents and the remaining counts were dismissed. A sentencing hearing was held on January 20, 2015, at which the court sentenced Ferrell to 100 days in jail and four years of community control.

{¶3} On two occasions in 2015 and 2016, Ferrell was found to have violated community control. In 2017, the probation department filed a third Motion to Revoke/Modify Probation on multiple grounds to which Ferrell admitted. The court ordered Ferrell to serve one year in prison for each of the four counts for which he had been convicted, with the terms to be served consecutively, noting that Ferrell "had been back here too many times."

{¶4} On appeal, this court held that the trial court failed to make consecutive sentencing findings as required by R.C. 2929.14(C)(4)(a)-(c) and vacated the sentence with instructions to the trial court to resentence Ferrell. *State v. Ferrell*, 11th Dist. Portage No. 2017-P-0069, 2019-Ohio-836, ¶ 39-40.

{¶5} The trial court held a resentencing hearing on April 10, 2019. The court asked defense counsel to speak on sentencing, "with the understanding, and this is very important, that the Defendant was in my court, in my presence now that I've gone through the file fully, he was in my court four times on motions to revoke, another three times on status hearings rather than motions to revoke, and he didn't do anything he was supposed to do." Defense counsel presented certificates of achievement and letters from prison employees to demonstrate Ferrell's positive progress. Ferrell expressed guilt that his son had recently been convicted and ordered to serve a prison term since he had not been

2

there for him as a father.  The court emphasized Ferrell's probation violations, noting he failed to take advantage of the opportunity given at NEOCAP and that he "had a total disregard for this court."  It continued: "Now, you may have changed now, but at that time, you had absolute total disregard for the law, the Court, and your children by the way, who you owe $81,000.00 in back child support."  The court ordered Ferrell to serve consecutive terms of 18 months for each of the four offenses.  The court concluded the hearing with the following: "the Defendant was given a multitude of opportunities and just threw it back in the Court's face, and so I guess lesson learned by all defendants."  The sentence was memorialized in an April 11, 2019 Judgment Entry.

{¶6}    The trial court held a "judicial release" hearing, construed as a hearing reconsidering the sentence, on April 15, 2019, because it was "impressed with what [Ferrell had] accomplished while in jail."  Counsel indicated Ferrell was apprehensive about probation and did not intend to withdraw his notice of appeal.  The court stated: "Well then I'm just not going to hear it then" and the hearing concluded.  In a May 6, 2019 Judgment Entry, the court concluded Ferrell was "not interested in being placed on community control" and his sentence remained in effect.

{¶7}    On appeal, Ferrell argued that the trial court's sentence was vindictive.  This court held that the trial court did not rebut the presumption of vindictiveness for giving an increased sentence when it "failed to give any acceptable justification for increasing the sentence on the record."  *State v. Ferrell*, 2021-Ohio-1259, 170 N.E.3d 464, ¶ 24 (11th Dist.).  We remanded for resentencing with instructions that, "if the court chooses to increase the sentence above that ordered in its initial sentence in 2017, it must make findings on the record to support that increase, consistent with the law discussed" in the

3

opinion. *Id.* at ¶ 26.

{¶8} A second resentencing hearing was held on May 17, 2021. Defense counsel indicated that Ferrell was presently at the Oriana House, a "step-down facility," and was "doing well in that program." The letter submitted by the victim in the previous sentencing hearing was discussed and the State noted Ferrell's failure to pay child support when he had been out on past community control. The defendant emphasized that he had completed various programs while incarcerated. He also wrote a letter to his son, who is incarcerated, and received a response that his son does not resent him. The court indicated "the reason this came back is that I did not say enough bad things about you on the record. I did not go over the fact that you had numerous violations on probation, numerous. I mean, my whole file is full of the different Motions to Revoke and violations that you've committed. I gave you every opportunity – every opportunity to do what you had to do on probation and you failed miserably. You snubbed the Court, you didn't do anything I asked you to do, and that's why you got consecutive sentences." The court again sentenced Ferrell to consecutive terms of 18 months for each of the four offenses, found a prison term was necessary due to Ferrell's failure to abide by community control and his significant criminal history, and made consecutive sentencing findings. It provided no additional justification for its sentence in the sentencing entry, issued on May 20, 2021. A nunc pro tunc entry was filed on May 28, 2021, including his jail time credit.

{¶9} Ferrell timely appeals and raises the following assignment of error:

{¶10} "The trial court increased William Ferrell's sentence for each of his four counts without giving adequate reasons for the new sentences. Those sentence

4

increases are presumed to be retaliation for Mr. Ferrell's successful appeal, which violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

{¶11} Ferrell argues that the trial court failed to state reasons justifying the imposition of a longer sentence than was originally given and, thus, the presumption of vindictiveness has not been rebutted.

{¶12} The State concedes that the trial court committed error warranting reversal, pursuant to this court's holding in *Ferrell*, 2021-Ohio-1259, since the court's finding that Ferrell committed multiple probation violations was not sufficient to increase his sentence.

{¶13} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). The appellate court may "increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b). The Ohio Supreme Court has recognized that "a sentence vindictively imposed on a defendant" is contrary to law. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 8.

{¶14} In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.E.2d 656 (1969), the United States Supreme Court held: "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the

5

original sentencing proceeding." *Id.* at 726. Information rebutting vindictiveness can include "new, probative evidence supporting a longer sentence" and relevant events or conduct that shine "'new light upon [the defendant's] life, conduct, and mental and moral propensities.'" *Texas v. McCullough*, 475 U.S. 134, 143, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). The *Pearce* presumption is "based on the rationale that due process of law requires vindictiveness not play a part in sentencing and that a defendant must not be unconstitutionally deterred from exercising the right to appeal." *Ferrell* at ¶ 15.

{¶15} Where the *Pearce* presumption applies, "the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). "In Ohio, it has generally been held that 'a presumption of vindictiveness arises when the same judge imposes a harsher sentence following a successful appeal.'" (Citation omitted.) *Ferrell* at ¶ 17. This court found in the prior appeal that the presumption of vindictiveness applies. *Id.* at ¶ 18. That finding is applicable here, where Ferrell was again sentenced to a harsher sentence than originally imposed by the same judge.

{¶16} In the appeal preceding remand, this court held the following:

> [T]he trial court failed to give any acceptable justification for increasing the sentence on the record, either at the sentencing hearing or in its judgment entry. Instead, the only reasoning for the sentence was based on grounds that were entirely known at the prior sentencing hearing: that Ferrell had repeatedly failed to comply with the terms of his probation. The court's statements demonstrated that it took exception to Ferrell's "disregard for the court" but this was not a ground for an increased sentence under the facts and circumstances of this case.

6

*Id.* at ¶ 24. This court ordered that, on resentencing "if the court chooses to increase the sentence above that ordered in its initial sentence in 2017, it must make findings on the record to support that increase, consistent with the law discussed" in the opinion. *Id.* at ¶ 26. The lower court failed to comply with these instructions and address this court's concerns.

{¶17} On remand, the trial court did not provide reasons on the record for increasing the sentence that were not based on facts already known at the time of the original sentencing. Instead, it made findings similar to those given at the prior resentencing, noting that Ferrell had repeated violations of the law and failed to comply with the requirements the court had set forth for probation. This does not rebut the presumption of vindictiveness and does not justify a longer sentence as this information was known to the court at the time of the initial sentencing at which Ferrell was given a sentence two years shorter than was ordered following reversal on appeal. *See Ferrell* at ¶ 24. As noted in our prior opinion, upon resentencing, there was significant evidence that Ferrell had made positive changes and, in the absence of any findings justifying the increased sentence, we cannot find the court rebutted the presumption of vindictiveness. The trial court was also incorrect in stating that its sentence was reversed because it "did not say enough bad things about [Ferrell] on the record"; this court clearly indicated that the trial court's failure to make pertinent findings justifying an increased sentence was the concern. Ferrell's "bad" conduct that led to his probation violation prior to his original sentence is not a proper ground to increase his sentence.

{¶18} Ferrell, who has now already begun serving the portion of his sentence that was increased on resentencing, requests that this court reduce his sentence to the

7

original four-year term ordered by the trial court. This court can discern no reasonable basis for remanding a second time for the lower court to make the necessary findings that were clearly required by this court in its previous opinion. Appellate courts have consistently determined that, where the trial court does not provide findings sufficient to rebut the presumption of vindictiveness, reversal and modification of the sentence by the appellate court is an appropriate remedy. *State v. Hitchcock*, 5th Dist. Fairfield No. 19-CA-56, 2020-Ohio-6751, ¶ 29 (modifying the sentence where the appellate court was "unable to discern any evidence supporting a logical reason for the heightened sentence," the resentencing focused on information already known to the trial court at the time of the original sentencing, and the trial court did not make findings that rebutted the presumption of vindictiveness); *State v. Collins*, 8th Dist. Cuyahoga Nos. 98575 and 98595, 2013-Ohio-938, ¶ 17; *State v. Davis*, 2d Dist. Clark No. 2006 CA 69, 2007-Ohio-1030, ¶ 49. Based on the record and the trial court's actions on remand, there is no reason to further delay Ferrell's release or believe the lower court can provide adequate justification for increasing his sentence.

{¶19} For these reasons, Ferrell's sentence of 18 months for each count of Nonsupport of Dependents, for an aggregate sentence of six years in prison, set forth in the May 20, 2021 judgment, is vacated. Ferrell's prison sentence is modified to consecutive terms of one year in prison for each of the four counts of Nonsupport of Dependents, the initial sentence he received at sentencing, for an aggregate term of four years in prison.

{¶20} The sole assignment of error is with merit.

{¶21} For the foregoing reasons, the judgment of the Portage County Court of

8

Common Pleas, resentencing Ferrell, is reversed and Ferrell's sentence is modified as stated herein. Costs to be taxed against appellee.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.