[Cite as *State v. Liddy*, 2023-Ohio-4028.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

RICHARD JAMES LIDDY,

        Defendant-Appellant.

**CASE NO. 2023-A-0029**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00111

**O P I N I O N**

Decided: November 6, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Richard James Liddy ("Mr. Liddy"), appeals the judgment of the Ashtabula County Court of Common Pleas sentencing him to 18 months in prison to be served consecutively to a prison term imposed in a separate case. Mr. Liddy was resentenced following this court's reversal and remand in *State v. Liddy*, 2022-Ohio-4282, 202 N.E.3d 172 (11th Dist.) ("*Liddy I*").

{¶2} Mr. Liddy asserts a single assignment of error, contending the trial court erred by sentencing him to a maximum and consecutive prison sentence.

**{¶3}** After a careful review of the record and pertinent law, we find Mr. Liddy's sole assignment of error is without merit. First, Mr. Liddy's assertion that maximum sentences may be imposed only on the most deserving offenders is based on prior statutory language that does not reflect current Ohio law. Second, Mr. Liddy's assertion that the trial court imposed his sentence because of his disruptive courtroom behavior does not involve the concept of vindictive sentencing.

**{¶4}** Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

**{¶5}** In March 2021, the Ashtabula County Grand Jury indicted Mr. Liddy for failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), and 2921.331(E). The state alleged Mr. Liddy "operate[d] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." It further alleged that Mr. Liddy's "operation of the motor vehicle * * * caused a substantial risk of serious physical harm to persons or property," which elevated the charged offense from a first-degree misdemeanor.

**{¶6}** Mr. Liddy initially pleaded not guilty. In July 2021, Mr. Liddy withdrew his not guilty plea and entered written and oral pleas of guilty to attempted failure to comply, a fourth-degree felony, in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), 2921.331(E), and 2923.02(A). The trial court held a change of plea hearing where it engaged in a colloquy with Mr. Liddy pursuant to Crim.R. 11, accepted his guilty plea, and found him guilty. The trial court ordered a pre-sentence investigation and deferred

2

sentencing until the resolution of a separate case pending before a different trial court judge (case no. 2018 CR 00443).

{¶7} On April 25, 2022, Mr. Liddy was sentenced in the separate case to five years in prison. On the same day, the trial court held a sentencing hearing in the underlying matter. After reviewing the aggravating and mitigating factors, the trial court imposed an 18-month prison sentence to be served consecutively to the prison term in the separate case.

{¶8} The trial court inquired of the state whether the offense of *attempted* failure to comply was subject to the Ohio Revised Code's mandatory consecutive sentencing provisions. The court commented, "Not that it's gonna make a difference in my decision, because the facts of this case are so egregious that he's going to get an eighteen month sentence regardless. But had it been a straight failure to comply, that is a mandatory consecutive sentence that must be imposed." The state informed the trial court that a consecutive sentence was mandatory.

{¶9} The trial court reiterated Mr. Liddy's consecutive 18- month prison term and granted him 425 days of jail-time credit. The trial court subsequently filed a judgment entry memorializing Mr. Liddy's sentence. The entry did not contain any consecutive sentence findings pursuant to R.C. 2929.14(C)(4). The entry also stated Mr. Liddy was not entitled to jail-time credit because he received all credit due to him in the separate case.

{¶10} Mr. Liddy appealed. In *Liddy I*, *supra*, we found the trial court's imposition of a purported "mandatory" consecutive sentence was clearly and convincingly contrary to law because the applicable statutes do not mandate consecutive prison term for the

3

offense of *attempted* failure to comply. *Id.* at ¶ 5. We also found the trial court erred by issuing a sentencing entry containing a substantive difference regarding jail-time credit from that pronounced at the hearing. *Id.* at ¶ 6. We reversed the trial court's judgment and remanded for resentencing. *Id.* at ¶ 7.

{¶11} On remand, the trial court ordered the parties to brief the issues of consecutive sentences and jail-time credit. On April 20, 2023, the trial court held a resentencing hearing. Mr. Liddy repeatedly spoke out of turn, used profanity, and accused the trial court judge of bias. He also stated he had not received counsels' sentencing briefs. The trial court held a short recess, during which Mr. Liddy was provided with copies of the briefs. When the hearing resumed, Mr. Liddy continued his disruptive behavior. The trial court ended the hearing and stated it would be rescheduled.

{¶12} On April 25, 2023, the trial court held another resentencing hearing. The state and defense counsel presented argument, and Mr. Liddy spoke on his own behalf. Like in the prior hearing, Mr. Liddy repeatedly spoke out of turn and used profanity. Despite Mr. Liddy's interruptions, the trial court discussed several sentencing factors on the record. In particular, the trial court emphasized the seriousness of Mr. Liddy's conduct in nearly causing multiple traffic collisions; he committed the offense while on bail; his failure to meaningfully accept responsibility; and his extensive criminal history. The trial court also made the necessary consecutive sentence findings pursuant to R.C. 2929.14(C)(4). The trial court reimposed an 18-month prison sentence to be served consecutively to the prison term in the separate case and granted Mr. Liddy one day of jail-time credit. In May 2023, the trial court filed a sentencing entry memorializing Mr. Liddy's sentence.

4

{¶13} Mr. Liddy appealed and raises the following assignment of error:

{¶14} "The trial court clearly and convincingly committed prejudicial error that deprived RICHARD LIDDY of due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution and violated Revised Code 2953.08 by sentencing him to maximum and consecutive prison sentences after entering a guilty plea."

**Standard of Review**

{¶15} The standard of review for an appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. That provision states in relevant part:

{¶16} "The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶17} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶18} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶19} "(b) That the sentence is otherwise contrary to law."

{¶20} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty

5

as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

### Law and Analysis

{¶21} In his sole assignment of error, Mr. Liddy contends that the trial court erred by sentencing him to a maximum and consecutive prison sentence.

{¶22} He first argues that a court "may impose *the longest prison term* authorized for the offense * * * *only* upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." (Emphasis sic.) Mr. Liddy's proposition comes from *State v. Edmonson*, 86 Ohio St.3d 324, 715 N.E.2d 131 (1999), and the Supreme Court of Ohio's quotation of former R.C. 2929.14(C). *See id.* at 328. The court described the statutory language as establishing Ohio's "public policy disfavoring maximum sentences except for the most deserving offenders." *Id.* R.C. 2929.14(C) has since been amended and no longer contains the quoted language. Therefore, Mr. Liddy's proposition does not reflect current Ohio law.

{¶23} Mr. Liddy next argues his sentence was imposed as a result of the trial court's vindictiveness. Vindictive sentencing occurs when a sentencing court retaliates against a defendant for having successfully challenged his first conviction. *See North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.E.2d 656 (1969). It is prohibited because the fear of vindictiveness "may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction." *Id.* A presumption

6

of vindictive sentencing arises when the same judge imposes a harsher sentence following a successful appeal. *State v. Ferrell*, 2021-Ohio-1259, 170 N.E.3d 464, ¶ 17 (11th Dist.). The presumption has been applied to resentencing after reversal due to errors made by the trial court in the initial sentence. *Id.* Absent the presumption, "[a]n appellate court may reverse a sentence for vindictiveness only if, after review of the entire record, it finds clearly and convincingly that the sentence was based on actual vindictiveness." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 33.

{¶24} Mr. Liddy concedes there is no presumption of vindictiveness in this case, most likely due to the fact the trial court imposed the same sentence as in *Liddy I*. However, Mr. Liddy alleges the existence of actual vindictiveness. He argues the trial court imposed a "maximum consecutive sentence" based on the "language" he used at the April 2023 hearings. According to Mr. Liddy, sentencing him for "anything other than his conduct in this case amounts to vindictive sentencing."

{¶25} Mr. Liddy's argument misconstrues the concept of vindictive sentencing. As stated, it involves a trial court's retaliation following a defendant's exercise of his rights. We acknowledge the Supreme Court of Ohio recently found a sentencing court acted contrary to law when it increased a defendant's sentence by six years as a result of his disrespectful courtroom outburst. *See State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 32. However, Mr. Liddy does not assert an argument based on *Bryant*, and we will not construct one on his behalf.

{¶26} Mr. Liddy's sole assignment of error is without merit.

{¶27} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

8