[Cite as *State v. Jackson*, 2022-Ohio-3481.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-L-016** |
| Plaintiff-Appellant, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| WILLIAM J. JACKSON, | Trial Court No. 2020 CR 000558 |
| Defendant-Appellee. | |

**O P I N I O N**

Decided: September 30, 2022
Judgment: Dismissed

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellant).

*Edward M. Heindel,* 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, the State of Ohio, appeals the January 26, 2021 judgment of the Lake County Court of Common Pleas sentencing appellee, William J. Jackson, to an indefinite prison term. Mr. Jackson has filed an appeal also pending before this court as Case No. 2021-L-018. In light of the disposition of Mr. Jackson's appeal and as further explained below, the state's appeal is dismissed as moot.

{¶2} This case stems from a shooting that occurred between Mr. Jackson and Vincent "Ace" Anderson in the parking lot of Eastview Meadows Apartments on the

morning of April 26, 2020, purportedly over a drug deal dispute.  Mr. Jackson was indicted on seven counts: Counts 1 and 2, Attempted Murder, felonies of the first degree, in violation of R.C. 2923.02; Counts 3 and 4, Felonious Assault, felonies of the second degree, in violation of R.C. 2903.11(A)(2); Counts 5 and 6, Improperly Discharging a Firearm at or Into a Habitation or School Safety Zone, felonies of the second degree, in violation of R.C. 2923.161(A)(1); and Count 7, Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(A).  Counts 1 through 6 included firearm specifications pursuant to R.C. 2941.145 and discharge specifications pursuant to R.C. 2941.146.

{¶3}　　The case proceeded to jury trial.  Mr. Jackson admitted to the shooting but maintained that it was done in self-defense, as he believed Mr. Anderson was a threat to him and his family.  Ultimately, the jury acquitted Mr. Jackson of Counts 2 and 3, but found him guilty on the remaining five counts and the corresponding specifications.  At the subsequent sentencing hearing, the court found that the felonious assault charge in Count 4 merged with the attempted murder charge in Count 1, and the state elected to proceed with sentencing on Count 1.

{¶4}　　The court sentenced Mr. Jackson to an indefinite prison term with a minimum term of three years and a maximum term of four and one-half years on Count 1; three years on each of Counts 5 and 6; and 18 months on Count 7, all to be served concurrently.  Mr. Jackson was also sentenced to an additional term of three years and five years as mandatory prison terms for the specifications in Count 1, to be served consecutively to each other, for a total of eight years in prison, and to be served prior and

2

consecutive to the underlying offenses. In all, Mr. Jackson faces a minimum of 11 years and a maximum of 12.5 years in prison.

{¶5} The state now appeals, assigning one error for our review, which states:

{¶6} Appellee's sentence is clearly and convincingly contrary to law.

{¶7} Under its sole assignment of error, the state asserts that the trial court was statutorily obligated to impose sentences on at least two of the three-year firearm specifications of which Mr. Jackson was convicted, in addition to imposing a sentence on one five-year discharge specification, and that the imposition of consecutive sentences on the five-year discharge specification and the three-year firearm specification failed to satisfy the obligation under R.C. 2929.14(B)(1)(g).

{¶8} However, in Mr. Jackson's concurrently pending appeal, Case No. 2021-L-018, this court determined that the trial court improperly excluded two pieces of evidence germane to Mr. Jackson's claim of self-defense, reversed the judgment of the lower court, and remanded for further proceedings. As the judgment which the state presently appeals has been reversed, this matter has been rendered moot and a review of that judgment by this court would be improper. *See Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶84, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970) ("Every court must 'refrain from giving opinions on abstract propositions and * * * avoid the imposition by judgment of premature declarations or advice upon potential controversies.'")

{¶9} Accordingly, the state's appeal is rendered moot and is hereby dismissed.

THOMAS R. WRIGHT, P.J., concurs,

JOHN J. EKLUND, J., concurs in judgment only.

3

Case No. 2021-L-016