[Cite as *State v. Montgomery*, 2025-Ohio-4617.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>GREGORY S. MONTGOMERY II,<br><br>    Defendant - Appellant | Case No. 2024 CA 0069<br><br><u>Opinion & Judgment Entry</u><br><br>Appeal from the Shelby Municipal Court,<br>Case No. CRB 2200206<br><br>Judgment:   Reversed and Remanded<br><br>Date of Judgment: September 30, 2025 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Todd W. Barstow, for Defendant-Appellant.

*Gormley, J.*

{¶1}   Defendant Gregory Montgomery, who pled no contest to a misdemeanor charge in the trial court, challenges the 30-day jail sentence that he received after our court in 2024 vacated his conviction and three-day jail sentence and remanded the case to the trial court for an explanation-of-circumstances hearing on the no-contest plea.  The post-remand increase in his jail sentence from three to 30 days, he argues, constituted a vindictive sentence that was designed to punish him for his successful appeal.  Because the trial judge on remand failed to make affirmative findings on the record justifying the increase in Montgomery's sentence, we again reverse and remand Montgomery's case to the trial court for yet another sentencing hearing.

**The Key Facts**

{¶2}   Montgomery entered a no-contest plea to one first-degree-misdemeanor charge of aggravated menacing.  Without first receiving an explanation of the facts that

led to the filing of the charge, the trial judge accepted Montgomery's plea and found him guilty.  Montgomery's community-control sentence called for him to spend three days in jail, pay a $400 fine, and remain under supervision for two years.

{¶3}    Montgomery appealed his conviction, arguing that the trial court improperly accepted his plea without hearing any explanation of the facts underlying the aggravated-menacing charge.  Our court agreed with Montgomery, vacated his conviction, and remanded the case to the trial court with an instruction to hold an explanation-of-circumstances hearing.  *See State v. Montgomery*, 2024-Ohio-2623 (5th Dist.).

{¶4}    At that post-remand hearing, the report of the investigating officer was read into the record.  The judge heard for the first time the details surrounding Montgomery's offense, which involved pointing a firearm at someone and firing a shot into the air.  The prosecutor opined that Montgomery had failed to take any responsibility for the offense and that the initial three-day jail sentence was, in his view, too light considering the severity of Montgomery's crime.

{¶5}    After hearing from both the prosecutor and Montgomery — who represented himself at the hearing — the judge again found Montgomery guilty on the no-contest plea.  This time, however, the judge upped the jail sentence from three days to 30 days and again imposed the $400 fine and the two-year supervision period.  Montgomery now appeals.

**Standard of Review**

{¶6}    We begin by noting that the record is unclear about any trial-court objection by Montgomery to his increased sentence.  After the judge announced Montgomery's

latest sentence, Montgomery said "Ma'am, I have one question."  The judge then said "Yes," but any ensuing discussion is listed in the transcript as "(Inaudible)."

{¶7}   But even if Montgomery failed to call to the trial judge's attention what he describes here as an improper sentence, any sentence vindictively imposed is contrary to law.  *State v. Rahab*, 2017-Ohio-1401, ¶ 8.  A greater sentence imposed vindictively in violation of the law would, even under the deferential plain-error standard, "affect a defendant's substantial rights and constitute reversible error."  *State v. Ferrell*, 2021-Ohio-1259, ¶ 14 (11th Dist.).

**The Presumption of Vindictiveness is Not Rebutted by the Record**

{¶8}   In his sole assignment of error, Montgomery argues that the increase in his jail sentence from three to 30 days was the result of vindictiveness on the part of the trial judge after Montgomery successfully challenged his initial conviction.

{¶9}   The vindictive imposition of a harsher sentence following a successful appeal violates a defendant's due-process rights.  *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969) ("Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.").  The Supreme Court of the United States has clarified, however, that "due process does not in any sense forbid enhanced sentences" but instead prohibits only those enhancements that are motivated by vindictiveness. *Wasman v. U.S.*, 468 U.S. 559, 568 (1984).  The reasons for the increased sentence, then, must affirmatively appear on the record so that a reviewing court can examine the constitutional legitimacy of the increased sentence.  *Pearce* at 726.

**{¶10}** In Ohio, a rebuttable presumption of vindictiveness arises "'when the same judge imposes a harsher sentence following a successful appeal.'"  *State v. Watson*, 2023-Ohio-1469, ¶ 33 (5th Dist.), quoting *State v. Ferrell*, 2021-Ohio-1259, ¶ 17 (11th Dist.).  In our case, Montgomery's initial conviction was reversed and his case was remanded with an instruction that the trial court conduct an explanation-of-circumstances hearing prior to accepting Montgomery's no-contest plea.  That hearing that we ordered was then conducted by the same judge who, at the conclusion of that hearing, imposed a sentence increasing the number of jail days for Montgomery from three to 30.  We find, therefore, that a presumption of vindictiveness exists.

**{¶11}** As for whether that presumption is rebutted by the record, we look to see if the trial court "ma[d]e affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing."  *Watson* at ¶ 33.  Those findings are essential, and in their absence we cannot draw our own inferences about the trial court's reasons for sentencing more harshly.  *State v. Jackson*, 2025-Ohio-2634, ¶ 15 (11th Dist.).

**{¶12}** Information sufficient to rebut a presumption of vindictiveness may include new, probative evidence supporting a longer sentence and relevant conduct or events that shine "new light upon the defendant's life, health, habits, conduct, and mental and moral propensities" that was not before the sentencing court at the first hearing.  *Watson* at ¶ 32, quoting *Wasman*, 468 U.S. at 570–571; *Texas v. McCullough*, 475 U.S. 134, 142 (1986) ("Nothing in the Constitution requires a judge to ignore 'objective information . . . justifying the increased sentence'").

{¶13} At the explanation-of-circumstances hearing held in the trial court after we remanded the case there last year, the report of the police officer whose investigation led to the filing of the aggravated-menacing charge was read into the record. That step gave the trial judge her first opportunity to hear the details about Montgomery's crime, including his act of pointing a gun at someone and firing a shot into the air. We note, too, that Montgomery appears to have been — by speaking over the judge on several occasions and attempting to record courtroom proceedings in violation of the court's policies — disrespectful to the trial judge after we remanded the case to her.

{¶14} The record, however, lacks any affirmative finding by the trial judge that could rightly be described as sufficient to overcome the presumption of vindictiveness. Though the judge was presented with new factual information from the investigating officer's report, and though Montgomery's courtroom behavior surely painted him in a negative light, we see no explanation from the trial judge justifying the harsher sentence.

{¶15} To be sure, the judge stated that, "based on the explanation of circumstances that was given to the Court," she was entering a guilty finding on the aggravated-menacing charge. Then the judge — after asking a couple of questions about Montgomery's employment —announced Montgomery's new sentence without explaining why it had changed.

**{¶16}** Because the presumption of vindictiveness has not been rebutted by anything in the record before us, we reverse and remand Montgomery's case for a new sentencing hearing.  Any court costs are waived.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.